# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE A. PRATHAFTAKIS, ) | 1:08cv0120 AWI DLB |
| ) | |
| Plaintiff, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING DISMISSAL OF ACTION |
| v. ) | |
| LINDA E. STIFF, et al., ) | |
| ) | |
| Defendants. ) | |

Plaintiff, appearing pro se, filed the instant action on January 24, 2008. He names Linda E. Stiff, Acting Commissioner of the Internal Revenue Service ("IRS") and Donald L. Korb, Chief IRS Counsel, as Defendants. He did not file an application to proceed in forma pauperis or pay the filing fee.

### **DISCUSSION**

A.   <u>Screening Standard</u>

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state

1

a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

    Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

    A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

    In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.    Plaintiff's Allegations

    Although Plaintiff's complaint is difficult to comprehend, it appears that he is upset because he has to commute to San Francisco to pursue an action that he filed in the United States Tax Court. According to the exhibits he submitted with his complaint, Plaintiff filed an appeal in the Tax Court relating to a Notice of Deficiency for the 2005 tax year. The appeal is pending.

    Plaintiff's complaint contains more obscenity-laden tirades and threats than actual legal issues and/or requests. Parsing through his rants, the Court gathers that Plaintiff is asking that

1  the venue of his Tax Court proceeding be changed to Fresno and that he be awarded damages for
2  unspecified wrongs allegedly committed by the IRS.
3  C.    Discussion
4     Federal courts are courts of limited jurisdiction.  In Flora v. United States, 362 U.S. 145,
5  (1960), the Supreme Court held that the district courts do not have jurisdiction to hear suits for
6  refund of Federal taxes where the taxpayer has paid only part of the taxes assessed by the
7  Commissioner for the year in question.  The Court also stated that there was a strong policy in
8  favor of payment of disputed taxes pending litigation, and that the exception to this general rule
9  must be strictly limited to cases brought before the Tax Court.  Id. at 175-76, 80 S.Ct. 630.  To
10 the extent that Plaintiff is challenging the actual tax assessed, yet has not paid that amount, this
11 Court is without jurisdiction to hear such a challenge.
12    Moreover, this Court will not interfere with an action pending in another court.  Where a
13 parallel action is pending in another court, principles of sound judicial administration make it
14 proper for the district court to decline jurisdiction.  See eg., Church of Scientology v. United
15 States Dept. of the Army, 611 F.2d 738, 749 (9th Cir.1979) (federal court may decline judgment
16 on issue properly before another district).  Here, Plaintiff seeks to change the venue of an action
17 pending in the Tax Court, an action this Court is without jurisdiction to take.  Moreover, the
18 generalized allegations appear to be related to the pending proceedings as well.
19    For these reasons, the Court recommends that the complaint be dismissed without leave
20 to amend.  Plaintiff is also reminded that he should exercise common courtesy in future pleadings
21 before this, or any court.  Complaints using profane and vulgar language are inappropriate in a
22 judicial forum.  Plaintiff is forewarned that if he files another such pleading, he may face
23 sanctions, including restraints on filing additional actions in this Court.

## **RECOMMENDATION**

25    Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED
26 WITHOUT LEAVE TO AMEND.
27    These findings and recommendations will be submitted to the Honorable Anthony W.
28 Ishii, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after

being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

   IT IS SO ORDERED.

   **Dated:**    **January 28, 2008**            **/s/ Dennis L. Beck**
                                                                UNITED STATES MAGISTRATE JUDGE