# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE A. PRATHAFTAKIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LINDA E. STIFF, et al.,<br><br>　　　　　Defendants. | 1:08cv0120 AWI DLB<br><br>ORDER ADOPTING FINDINGS<br>AND RECOMMENDATION<br><br>ORDER DISMISSING COMPLAINT WITH<br>LEAVE TO AMEND<br><br>ORDER DIRECTING PLAINTIFF TO FILE AN<br>AMENDED COMPLAINT WITHIN THIRTY<br>DAYS |

　　　Plaintiff, appearing pro se, filed the instant action on January 24, 2008.   Other than the fact Plaintiff is very upset with actions that have occurred in an action pending in the Tax Court, the exact basis of Plaintiff's action is not entirely clear.

　　　On January 29, 2008, the Magistrate Judge issued Findings and Recommendation that the action be dismissed without leave to amend.   The Magistrate Judge found that to the extent the extent that Plaintiff is challenging the actual tax assessed this court is without jurisdiction to hear such a challenge.   The Magistrate Judge found that to the extent Plaintiff is attempting to change the venue of an action in the Tax Court to this court, the court will not interfere with an action pending in another court.   Finally, the Magistrate Judge found that because the generalized allegations appear to be related to the pending proceedings, Plaintiff was asking this court to interfere with another court.   The Findings and Recommendation was served on Plaintiff and contained notice that any objections were to be filed within thirty (30) days.

　　　On February 6, 2008, Plaintiff filed objections .

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(c), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including Plaintiff's objections, the court finds that the Findings and Recommendation is supported by the record and proper analysis.   This action cannot proceed to the extent that Plaintiff is challenging a tax assessments or challenging the pending tax court proceeding.   However, in the objections, Plaintiff states that this action is not challenging a tax assessment.    Rather, Plaintiff states that he is suing Defendants because they committed torts and violated Plaintiff's civil rights. Plaintiff further states that Defendants are in violation of RICO.   The Findings and Recommendations do not discuss the viability of claims based in tort, civil rights violations, or RICO violations.   Thus, while the court agrees the complaint violates Rule 8, the court believes Plaintiff should be given one opportunity to amend the complaint.   See Lopez v. Smith, 203 F.3d 1122(9th Cir. 2000) (if court determines that complaint fails to state claim, leave to amend may be granted to extent that complaint's deficiencies can be cured).

To the extent Plaintiff is attempting to sue IRS agents for civil rights violations, such a claim must be brought under Bivens v. Six. Unknown Named Agents of the Federal Burea of Narcotics.  Lawsuits against federal officials for constitutional deprivations that occur under color of federal law are actionable pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).  While this doctrine provides for private rights of action for violations of the Fourth Amendment, Bivens, 403 U.S. 388 (1971), the Fifth Amendment Due Process clause, Davis v. Passman, 442 U.S. 228 (1979), and the Eighth Amendment, Carlson v. Green, 446 U.S. 14 (1980), the U.S. Supreme Court has been loath to extend Bivens to claims where Congress has already provided "an avenue for some redress." Correctional Services Corporation v. Malesko, 534 U.S. 61, 68-69 (2001); Libas Ltd v. Carrillo, 329 F.3d 1128, 1130 (9th Cir. 2003).   The Ninth Circuit has found that taxpayers have no right to Bivens relief for any allegedly unconstitutional actions of IRS officials engaged in tax assessment and collection.  Adams v. Johnson, 355 F.3d 1179, 1188 (9th Cir. 2004).   In reaching this holding, the Ninth Circuit found that because the complex statutory scheme of the Internal

1  Revenue Code included a comprehensive remedial scheme, Congress considered any wrongs
2  could be addressed in the Code's administration.  Id. at 1185-86.
3       To the extent Plaintiff seeks to sue IRS agents for tort violations, the Federal Tort Claims
4  Act ("FTCA") provides the exclusive remedy for "injury or loss of property, or personal injury or
5  death arising or resulting from the negligent or wrongful act of omission of any employee of the
6  Government while acting within the scope of his office or employment . . . ." 28 U.S.C. §
7  2679(b)(1).  The FTCA bars claimants from seeking damages against the United States in
8  federal court until they have exhausted their administrative remedies.  28 U.S.C. § 2675(a);
9  McNeil v. United States, 508 U.S. 106, 113 (1993); Jerves v. United States, 966 F.2d 517,
10 518-19 (9th Cir.1992).  Thus, any amended complaint based in tort must show that Plaintiff has
11 exhausted is administrative remedies.
12      To the extent Plaintiff is attempting to sue Defendants for violations of RICO, Plaintiff
13 must sue for civil damages as provided for by 18 U.S.C. § 1964(c).  To state a civil RICO claim,
14 a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering
15 activity (5) causing injury to plaintiffs' 'business or property.'"  Ove v. Gwinn, 264 F.3d 817,
16 825 (9th Cir. 2001) (quoting 18 U.S.C. § 1964(c)).  Thus, any amended complaint must allege all
17 elements or RICO.
18      Finally, the court notes that it appears that many, if not all, of Plaintiff's claims against
19 the various Defendants involve their actions in the pending tax court.  Plaintiff is advised that
20 errors committed in an action pending in another court should generally be addressed by way of
21 appeal of that action.  Plaintiff is also advised that absent very narrow exceptions officials
22 involved in a Tax Court matter are immune from suit for any alleged violations that occur within
23 the Tax Court proceedings themselves.  See Mireles v. Waco, 502 U.S. 9, 11 (1991) (judges and
24 clerks); Fry v. Melarango, 939 F.2d 832, 836-837 (9th Cir. 1991) (attorneys).
25      Although the court will allow Plaintiff to file an amended complaint, Plaintiff is advised
26 that any amended complaint must be based upon a well-founded belief that a cognizable or
27 arguable legal theory exists that would support such a theory.  See Fed. R. Civ. P. 11 (allowing
28 sanctions to be awarded when litigant asserts frivolous legal theory); Les Shockley Racing Inc. v.

National Hot Rod Ass'n, 884 F. 2d 504, 510 (9th Cir. 1989) (defining legal argument as frivolous if "at time of filing, a competent attorney after a reasonable investigation could not have determined that a well-founded basis in fact and in law or a good faith argument for extension of law supported the filing").

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations dated January 29, 2008, is ADOPTED;
2. The action is DISMISSED with leave to amend;
3. Plaintiff SHALL file any amended complaint within thirty days of this order's date of service;
4. Plaintiff is ADVISED that failure to file an amended complaint or failure to file a complaint that follows the legal standards set forth in this order will result in dismissal of this action.

IT IS SO ORDERED.

**Dated:   February 11, 2008**           /s/ Anthony W. Ishii
                                         UNITED STATES DISTRICT JUDGE