# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE A. PRATHAFTAKIS, | ) | 1:08cv0120 AWI DLB |
| | ) | |
| Plaintiff, | ) ) ) | ORDER DISMISSING ACTION WITHOUT LEAVE TO AMEND |
| v. | ) ) | |
| LINDA E. STIFF, et al., | ) ) ) | |
| Defendants. | ) ) | |

Plaintiff, appearing pro se, filed the instant action on January 24, 2008. On February 11, 2008, the Court dismissed the complaint with leave to amend. Plaintiff filed his amended complaint on February 20, 2008. His amended complaint names Linda E. Stiff, Acting Commissioner of the Internal Revenue Service ("IRS") as Defendant. Plaintiff has not filed an application to proceed in forma pauperis or paid the filing fee.

## DISCUSSION

A.   Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state

1  a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be
2  cured by amendment.

3      Fed. R. Civ. P. 8(a) provides:

4      A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

8      A complaint must contain a short and plain statement as required by Fed. R. Civ. P.
9  8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair
10 notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev.
11 Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of
12 particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.
13 Although a complaint need not outline all elements of a claim, it must be possible to infer from
14 the allegations that all elements exist and that there is entitlement to relief under some viable
15 legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990);
16 Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

17     In reviewing a complaint under this standard, the Court must accept as true the allegations
18 of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740
19 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick
20 v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
21 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

22 B.    <u>Analysis</u>

23     While the exact nature of Plaintiff's original complaint was not entirely clear, he makes it
24 unmistakably clear is his amended complaint that he wants this Court to change the venue of a
25 pending Tax Court action from San Francisco to Fresno. However, as the Court explained in the
26 January 29, 2008, Findings and Recommendation, and again in the February 11, 2008, Order
27 Adopting the Findings and Recommendation and Dismissing the Complaint with Leave to
28 Amend, the action cannot proceed to the extent that Plaintiff is challenging a tax assessment or

1  proceedings in the Tax Court.  Plaintiff's belief that "Courts are Courts" and that this Court
2  therefore has the ability to change the venue of a Tax Court proceeding is incorrect.
3      Moreover, although Plaintiff indicated in his February 6, 2008, objections, that he was
4  suing based upon torts and violations of his civil rights, he makes no supported allegations in his
5  amended complaint.  Instead, Plaintiff references Tax Court bias and incorrect tax assessments as
6  he continues to ignore the Court's prior explanations as to why these claims cannot proceed.
7  Plaintiff mocks the Court's February 11, 2008, order and states that the Court "must get off its
8  high horse and help grieved citizen file anything relevantly well founded in belief that pertains to
9  Plaintiffs cognoscenti role."  Amended Complaint, at 5.  Contrary to Plaintiff's belief, the Court
10 was simply trying to assist him in understanding the law and the role of this Court in relation to
11 his claims.
12     Plaintiff has been given an opportunity to amend and had failed to correct the deficiencies
13 noted in the Court's prior orders.  Accordingly, Plaintiff's complaint must be DISMISSED
14 WITHOUT LEAVE TO AMEND.  This terminates this action in its entirety.

16 IT IS SO ORDERED.
17 **Dated:    February 22, 2008**                    **/s/ Anthony W. Ishii**
                                                     UNITED STATES DISTRICT JUDGE

3